In the
United States Court of Appeals
For the Seventh Circuit

No. 01-1499

In Re Complaint of Holly Marine Towing, Inc.,
owner of the Barge HMT 7, for exoneration
from or limitation of liability,

Plaintiff-Appellant.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 00 C 4750--Matthew F. Kennelly, Judge.

Argued September 24, 2001--Decided October 26, 2001

Before Posner, Ripple, and Kanne, Circuit Judges.

Posner, Circuit Judge.  The Limitation of Shipowners' Liability Act, 46 U.S.C. sec.sec. 183-189, limits, with irrelevant exceptions, the liability of a shipowner sued in tort to his investment in the ship and its freight, and establishes a procedure for obtaining and enforcing the limitation. 46 U.S.C. sec.sec. 183(a), 185. This limitation of liability, the purpose of which is to subsidize the U.S. merchant marine, Grant Gilmore & Charles L. Black, Jr., The Law of Admiralty, sec. 10-2, pp. 818-19 (1975), is not to be confused with the more common limited liability of corporate shareholders, which would prevent a maritime tort victim from going against the personal assets of a corporate shipowner's shareholders (though by separately incorporating each ship the owner could probably achieve the same protection that the Limitation Act gives him; cf. Walkovszky v. Carlton, 223 N.E.2d 6, 9 (N.Y. 1966)).

Holly Marine owns a barge that it chartered to a construction company, BH & H, to perform work on a bridge over the Chicago Sanitary and Ship Canal, a navigable waterway of the United States. Two employees of the construction company, Gindl and Staal, were operating a crane that JLG Industries had manufactured and sold to the construction company when the crane pitched over the side of the barge into the canal, killing

Gindl and injuring Staal. Gindl (actually his estate, but we'll call it "Gindl" for the sake of simplicity) and Staal brought suit against all three companies in a state court in Illinois. They could do this, even though the accident occurred on a navigable waterway and was thus subject to adjudication in the federal district court under the admiralty jurisdiction, because of the "saving to suitors" clause in the statute that gives the federal courts exclusive jurisdiction over admiralty cases. The clause allows persons who, were it not for that exclusive federal jurisdiction, would have rights under "territorial" (federal or state) law, to enforce those rights outside the admiralty jurisdiction, whether in federal or state court. 28 U.S.C. sec. 1333(1); Lewis v. Lewis & Clark Marine, Inc., 121 S. Ct. 993, 999 (2001); Ghotra v. Bandila Shipping, Inc., 113 F.3d 1050, 1054 (9th Cir. 1997). Essentially, any maritime claim can be sued on either under the federal admiralty jurisdiction, naming the offending ship as the defendant (for the admiralty jurisdiction is in rem), or under ordinary state or federal law, naming the owner or another person as the defendant. See, e.g., American Dredging Co. v. Miller, 510 U.S. 443, 445 (1994); Hendricks v. Riverway Harbor Service St. Louis, Inc., 732 N.E.2d 757, 763 (Ill. App. 2000); Dungey v. U.S. Steel Corp., 499 N.E.2d 545, 546 (Ill. App. 1986); Maxson v. Federal Barge Lines, Inc., 408 N.E.2d 58, 60 (Ill. App. 1980). The plaintiffs' state-court suit charges the defendants with negligence and related torts under state law.

As authorized by the Limitation Act, Holly petitioned the district court for limitation of liability, depositing with the court an amount of money ($10,900) that Holly represented to be its stake in the barge and so the limit of its liability. 46 U.S.C. sec. 185. This section provides that upon compliance with its requirements, "all claims and proceedings against the owner with respect to the matter in question shall cease." An implementing rule entitles the shipowner who has satisfied these requirements to an injunction against the further prosecution of any action against the owner with respect to the matter in question. Fed. R. Civ. P. Supp. R. F(3). Once the injunction has been entered,

claimants can file claims against the money that the shipowner has deposited in the court. Fed. R. Civ. P. Supp. R. F(5).

Holly followed this procedure and obtained the injunction, which was followed by the submission of claims by Gindl, Staal, and JLG but, for unexplained reasons, not by BH & H. JLG's claim was for contribution from Holly as a joint tortfeasor should Gindl and Staal obtain a judgment against JLG for its role in the accident. Joint Tortfeasor Contribution Act, 740 ILCS 100/2; Truszewski v. Outboard Motor Marine Corp., 685 N.E.2d 992, 994 (Ill. App. 1997); Alper v. Altheimer & Gray, 257 F.3d 680, 684-87 (7th Cir. 2001). Later, however, the district court partially dissolved the injunction, precipitating this appeal.

Orders modifying or dissolving injunctions are appealable without regard to finality. 28 U.S.C. sec. 1292(a)(1); Hispanics United v. Village of Addison, 248 F.3d 617, 620 (7th Cir. 2001); Lorain NAACP v. Lorain Board of Education, 979 F.2d 1141, 1147 (6th Cir. 1992). We needn't worry whether partial dissolution is dissolution within the meaning of the statute, since an order that dissolves a part of a decree modifies the decree. For cases holding orders under the Limitation Act that are similar to the order appealed from in this case immediately appealable, see, e.g., Pershing Auto Rentals, Inc. v. Gaffney, 279 F.2d 546, 548 (5th Cir. 1960); A. C. Dodge, Inc. v. J. M. Carras, Inc., 218 F.2d 911, 913 (2d Cir. 1955).

The basis of the partial dissolution, which allows the plaintiffs to press their suit in state court but not to enforce any judgment they obtain there until Holly's right to limitation is determined, was a stipulation they submitted to the district court in support of their motion to dissolve the injunction. (The term "stipulation," though customary in Limitation Act proceedings, is a bit of a misnomer, since these stipulations are unilateral promises rather than agreements.) They stipulated that they would neither ask the state court to resolve any issue concerning the limitation of Holly's liability nor seek to enforce any judgment they obtain in state court

against JLG to the extent that such enforcement would expose Holly to liability in excess of its stake in the barge by reason of JLG's seeking contribution from Holly. By granting the motion to dissolve, on the basis of this stipulation, so much of the injunction as barred Gindl and Staal from proceeding in state court until Holly's right to limitation is determined, the district judge thought he was protecting Holly at the same time that he was allowing Gindl and Staal to proceed with their tort claims, as they wanted to do, in state court in accordance with the savings to suitors clause.

Holly argues that the stipulation has a huge loophole. Since it was not signed by JLG, the possibility exists that if Gindl and Staal obtain a judgment, which might be quite large, in state court, JLG will seek contribution from Holly in an amount greatly in excess of Holly's stake in the barge. Gindl and Staal emphasize the district court's ruling that the injunction that Holly originally obtained "remains in effect . . . as a stay against entry and enforcement of Staal's and Gindl's state court cases pending determination by this Court of Holly's complaint for limitation of liability." In other words, if Gindl and Staal do obtain a large judgment against JLG, collection of it will be stayed while the parties repair to the federal district court to limit Holly's liability; the result will presumably be an injunction against JLG's seeking contribution from Holly, assuming Holly's stake is indeed small. The fact that JLG is not a party to the stipulation is troublesome, however, for it means that the stipulation does not protect Holly from being held liable, in a suit for contribution by JLG, in an amount greater than its stake in the suit. Not only is JLG not a signer of the stipulation; it has not even bothered to file a brief in this appeal. Its plans and intentions are unknown.

Granted, the danger of JLG's seeking contribution may well be small if Holly's stake is indeed only $10,900, since the district court has retained jurisdiction to limit Holly's liability, and, as all the courts to have addressed the question hold (ours has not till today, Great Lakes Dredge & Dock Co. v. City of

Chicago, 3 F.3d 225, 232 n. 11 (7th Cir. 1993)), such a limitation is good against a claim by a joint tortfeasor as well as against a claim by a tort victim. See, e.g., In re ADM/Growmark River System, Inc., 234 F.3d 881, 886 (5th Cir. 2000); Gorman v. Cerasia, 2 F.3d 519, 526-28 (3d Cir. 1993); In re Dammers & Vanderheide & Scheepvaart Maats Christina B.V., 836 F.2d 750, 755-57 (2d Cir. 1988). For a good statement of the many reasons supporting this conclusion, see In re Garvey Marine, Inc., 909 F. Supp. 560, 565 (N.D. Ill. 1995). The obvious reason is that without it the objective of the Limitation Act would be defeated by the happenstance of the shipowner's not being the only tortfeasor. What sense would that make?

The Eighth Circuit reached the same conclusion, though by a different route (but one that has implications for the proper disposition of this case, as we'll see shortly) and in an obscurely worded opinion, Universal Towing Co. v. Barrale, 595 F.2d 414, 419 (8th Cir. 1979), that is often, though we think incorrectly, read as rejecting the majority rule because it describes the joint tortfeasor's claim as "derivative" from the tort victim's rather than as a separate claim. The court made clear, however, that the total recovery against the shipowner could not exceed the statutory limitation. And likewise the Sixth Circuit, which adopted the Eighth Circuit's reasoning in S & E Shipping Corp. v. Chesapeake & Ohio Ry., 678 F.2d 636, 645 (6th Cir. 1982).

But the fact that a contribution claim is a claim subject to limitation is not in itself enough to protect Holly's statutory right to limitation fully. For in a suit for contribution JLG might try to show that Holly's stake exceeded $10,900 and if it obtained a ruling to that effect it might try to plead that ruling as res judicata in the postponed limitation proceeding. Gindl and Staal go further, acknowledging in their brief that Holly may well end up paying more than its limitation: "If Gindl or Staal prevail against JLG, Holly may be at risk only to the extent that its proportional share of any judgment exceeds the value of the barge and its contents." "Only"? But suppose Gindl and Staal obtained a judgment against JLG for $2 million and

Holly's proportionate share was adjudged in a suit for contribution by JLG to be 50 percent. Then Holly would be $1 million in the hole even if the value of its investment in the barge was, as it claims, only one one-hundredth of that amount. That result would be contrary to the Limitation Act, but the fact that Gindl and Staal think it's possible augurs a long litigation road ahead for Holly.

Apart from these obscure and perhaps chimerical dangers to Holly posed by the partial dissolution of the injunction, the Limitation Act entitles the shipowner to obtain limitation upon the filing of his petition for limitation in federal district court and his satisfying the requirements of the Act, not, possibly much later, upon the completion of state-court proceedings. That is where we part company with the Sixth and Eighth Circuit decisions (Universal Towing and S & E Shipping), which don't treat the possibility of a future suit for contribution as creating a situation in which the shipowner confronts, and is entitled to relief from, a risk of multiple claims. It is true that if the amount paid into court by the shipowner exceeds the tort claims against him, or if all the claimants stipulate that their claims will not subject him to liability beyond that amount, then he is fully protected, and, even if there are multiple claimants, the suits can continue in state court without endangering any interest that the Act protects. See Lewis v. Lewis & Clarke Marine, Inc., supra, 121 S. Ct. at 1002-04; In re Complaint of McCarthy Bros. Co./Clark Bridge, 83 F.3d 821, 832 (7th Cir. 1996); Odeco Oil & Gas Co. v. Bonnette, 74 F.3d 671, 675 (5th Cir. 1996); Gorman v. Cerasia, supra, 2 F.3d at 525-26; In re Dammers & Vanderheide & Scheepvaart Maats Christina B.V., supra, 836 F.2d 750, 757-60. It is otherwise if, because neither condition is satisfied, the shipowner must await the outcome of state-court litigation to obtain his protection. Because of the absence of a stipulation from JLG, Holly cannot be certain what the outcome of the postponed limitation hearing will be, and so it will be obliged to defend itself in state court against Gindl and Staal (should they press their suit against Holly, which they presumably will do if they

doubt that its stake is as small as it claims) in an effort to minimize any potential liability.

In these circumstances, the partial dissolution of the injunction deprived Holly of its statutory rights and was therefore unreasonable, or equivalently, Marsh v. Oregon Natural Resources Council, 490 U.S. 360, 377-78 n. 23 (1989), as the cases say, an "abuse of discretion." Gorman v. Cerasia, supra, 2 F.3d at 523; In re Complaint of Port Arthur Towing Co., 42 F.3d 312, 317 (5th Cir. 1995) (per curiam). The judgment of the district court is therefore reversed and the case is remanded for further proceedings consistent with this opinion. Reversed and Remanded.