# In the

# United States Court of Appeals
## For the Seventh Circuit

No. 06-2104

IN THE MATTER OF THE COMPLAINT OF:

ILLINOIS MARINE TOWING, INCORPORATED
A CORPORATION, FOR EXONERATION FROM,
OR LIMITATION OF LIABILITY

Appeal from the United States District Court
for the Central District of Illinois.
No. 05 C 1057—**Michael M. Mihm**, *Judge*.

ARGUED APRIL 11, 2007—DECIDED AUGUST 20, 2007

Before CUDAHY, KANNE, and WOOD, *Circuit Judges*.

CUDAHY, *Circuit Judge*.  Illinois Marine Towing, Inc. ("IMT") was involved in a marine collision which resulted in injuries and one death. After the injured parties commenced lawsuits in state court, IMT filed a petition in the federal district court to limit liability pursuant to the Limitation of Shipowners' Liability Act, 46 U.S.C. § 30505. On the basis of this petition, the district court enjoined the state court proceedings. The claimants filed a motion to modify the stay of their state court actions, attaching stipulations which conceded the district court's exclusive jurisdiction over all limitation of liability issues and waived any claim of *res judicata*. The district court found that these stipulations adequately protected IMT's interest in limiting its liability and therefore granted the

claimants' motion to modify the stay and allow them to litigate in state court. At the same time, the district court maintained jurisdiction to decide whether IMT's liability should be limited. IMT appeals the district court's decision. We affirm.

## I.  Background

This case involves personal injuries and a death that resulted from a drunken boating collision on May 21, 2004. Joshua Broughton, Tim Flemming, Stephen Turner and Eric Allen were passengers in a 17-foot pleasure boat driven by Casey Barnick. Barnick, who was allegedly intoxicated, crashed the boat into a 200-foot barge, Barge RMT 315, owned by Inland Marine Services, Inc. The barge was being towed by a tug boat, the M/V Herman Crown, owned by IMT. Billy Joe Thomas, an employee of IMT, was piloting the tug and barge across the Illinois River. As a result of the crash, Broughton, Flemming and Turner were injured and Allen died. On July 2, 2004, claimants Broughton and Flemming filed suit in state court against Barnick and Inland Marine Services, Inc. Thereafter, claimant Turner was added as a plaintiff and IMT and Thomas were added as defendants.

On February 23, 2005, IMT filed a Complaint for Exoneration from, or Limitation of, Liability in district court pursuant to the Limitation Act, 42 U.S.C. § 30505, and Rule F of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Rule F"). In accordance with Rule F, the district court enjoined the institution or prosecution of other lawsuits regarding the casualty. Five parties—Broughton, Flemming, Barnick, Turner and the Estate of Eric Allen ("the claimants")—filed claims in the district court against IMT.

On January 25, 2006, the claimants filed a "Joint Motion to Modify Stay" seeking to resume litigation of their claims in state court. The claimants attached the following stipulations to the motion:

1. Claimants concede and agree that The United States District Court for the Central District of Illinois has exclusive jurisdiction over all limitation of liability issues which arose out of a collision occurring on or about May 21, 2004 between a pleasure vessel operated by Casey A. Barnick and the M/V Herman Crown and Barge RMT 315;

2. Claimants concede and agree to waive any claim of *res judicata* respecting any limitation of liability issues as might arise in the event of entry of judgment in any state court or other proceeding based upon the facts of the above-mentioned collision . . . ;

3. Claimants concede and agree that should a judgment be obtained in any state court or other proceeding on behalf of any one of more of the Claimants, and should this United States District Court for the Central District of Illinois determine that limitation of liability is appropriate, Claimants will only seek their respective pro-rata proportional share of the limitation fund as measured by their respective proportions of any judgment obtained in the state court or other proceeding;

4. Claimants concede and agree that if a judgment is obtained in any state court or other proceeding on behalf of any one or more of the Claimants, and should this United States District Court for the Central District of Illinois determine that limitation of liability is appropriate, Claimants will in no event seek any amount beyond the value of the limitation fund as determined by the United States District Court for the Central District of Illinois; and

5. Claimants concede and agree that this United States District Court for the Central District of Illinois has exclusive jurisdiction to determine the value of the limitation fund, and so long as the Claimants have an opportunity to obtain an independent appraisal or related valuation, will stipulate to the value as determined by this United States District Court for the Central District of Illinois.

(R. 84-2.) Additionally, on March 21, 2006, Billy Thomas filed a "Waiver of Claim," which stated in pertinent part:

Billy Joe Thomas . . . hereby waives any claim for indemnity, contribution, or any other relief that he now has or may have in the future against Illinois Marine Towing, Inc. for any legal liabilities he may incur as a result of the collision which is the subject matter of the Complaint of Illinois Marine Towing, Inc. for Exoneration From or Limitation of Liability. Further, Billy Joe Thomas warrants that in the event any judgment is entered against him in favor of any party, he will not enter into any agreement which purports to assign any right of Billy Joe Thomas against Illinois Marine Towing, Inc.

(R. 104 at 1.) Thomas's waiver contained a "Reservation of Counterclaim," stating: "Nothing in this Waiver of Claim is to be construed as a waiver of any counterclaim which Billy Joe Thomas may have in the event that Illinois Marine Towing should sue Billy Joe Thomas for contribution or indemnity for liabilities arising out of the subject collision." (*Id*.) Over IMT's objections, and on the basis of the claimants' stipulations and Thomas's waiver, the district court granted the claimants' motion and modified the injunction to permit the claimants to pursue their actions in state court, while reserving the question whether IMT is entitled to limitation of liability for its own consideration. IMT appeals the district court's decision,

arguing that the claimants' stipulations are not a sufficient basis for the modification of the injunction.[1]

## II. Discussion

Before turning to the merits of this appeal, we must first determine the appropriate standard of review. IMT contends that we should review the district court's order de novo; the claimants contend we should review for abuse of discretion. Generally, we review a district court's ruling on an injunction under the Limitation Act for abuse of discretion. *See Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 451 (2001); *In re Holly Marine Towing, Inc.*, 270 F.3d 1086, 1090 (7th Cir. 2001); *In re McCarthy Brothers Co.*, 83 F.3d 821, 832 (7th Cir. 1996). Here, the district court considered a legal question—whether stipulations can transform multiple claims into a single claim within a Limitation Act proceeding—as part of its decision to lift the injunction. We review the district court's legal conclusions de novo. *Doe v. Smith*, 470 F.3d 331, 338 (7th Cir. 2006); *see also Odeco Oil & Gas Co. v. Bonnette (Odeco II),* 74 F.3d 671, 674 (5th Cir. 1996). We review for abuse of discretion the district court's finding that the stipulations in the present case adequately protect IMT's interests and specific decision to lift the injunction. *See Lewis*, 531 U.S. at 451; *Holly Marine*, 270 F.3d at 1090; *McCarthy Brothers Co.*, 83 F.3d at 832.

Congress passed the Limitation Act in 1851 "to encourage ship-building and to induce capitalists to invest in this branch of industry" by limiting shipowners' potential

---

[1] During the pendency of this appeal, the Estate of Eric Allen filed a separate lawsuit in state court against IMT, Thomas and Barnick. The state court consolidated this lawsuit with that of Broughton, Turner and Flemming.

liability for maritime disasters. *Lewis*, 531 U.S. at 446 (quoting *Norwich Co. v. Wright*, 80 U.S. 104, 121 (1871)) (internal quotation marks omitted). The central provision of the Limitation Act provides in relevant part: "[T]he liability of the owner of a vessel for any claim, debt, or liability . . . shall not exceed the value of the vessel and pending freight . . . [so long as] any loss, damage, or injury by collision . . . [occurs] without the privity or knowledge of the owner**."** 46 U.S.C. § 30505.[2] The procedure for a limitation action is defined in the Federal Rules of Civil Procedure, Supplemental Admiralty and Maritime Claims Rule F ("Rule F"), which sets forth the following process:

> The district court secures the value of the vessel or owner's interest, marshals claims, and enjoins the prosecution of other actions with respect to the claims. In these proceedings, the court, sitting without a jury, adjudicates the claims. The court determines whether the vessel owner is liable and whether the owner may limit liability. The court then determines the validity of the claims, and if liability is limited, distributes the limited fund among the claimants.

*Lewis*, 531 U.S. at 448.

Some tension exists between the Limitation Act and the saving to suitors clause, 28 U.S.C. § 1333(1). *See id.* Specifically, the requirement of the Limitation Act that the federal district court adjudicate (for multiple claimants) both the question of liability and whether limitation is appropriate—commonly referred to as the concursus[3] requirement—deprives claimants of their right to pursue

---

[2] The Limitation Act was re-codified in October 2006. It was previously codified as 46 U.S.C. App. § 183 *et seq.*

[3] Concursus is defined as "[a] proceeding in which two or more creditors claim, usu[ally] adversely to each other, an interest in a fund or estate so that they can sort out and adjudicate all the claims on the fund." *Black's Law Dictionary* 286 (7th ed. 1999).

their actions in state court, and importantly, deprives them of the right to a jury trial, which is not provided in admiralty law (and specifically not an option under Rule F). Conversely, the saving to suitors clause states that "district courts shall have original jurisdiction, exclusive of the courts of the States, of . . . [a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1). In *Lewis*, the Supreme Court found that this arrangement "preserves remedies and the concurrent jurisdiction of state courts over some admiralty and maritime claims." *Lewis*, 531 U.S. at 445. Additionally, the saving to suitors clause "evinces a preference for common law remedies in the forum of the claimant's choice" (*see Odeco II*, 74 F.3d at 674), and trial by jury is an example of a remedy available to suitors (*see Lewis*, 531 U.S. at 454-55). The Supreme Court determined that in light of this potential conflict, district courts should have discretion to retain a limitation action or allow the case to proceed in state court. *Id.* at 449.

In order to alleviate this tension and assist district courts in exercising their discretion, the Supreme Court has recognized two situations in which a district court should abstain from invoking its jurisdiction to determine liability and allow claimants to litigate in state court. In *Langnes v. Green*, 282 U.S. 531, 541 (1931), the Court articulated a "single claimant" exception to the concursus. The Court stated that when a single claim is asserted against a shipowner there is no need for the "peculiar and exclusive jurisdiction of an admiralty court," and therefore a district court should allow the action to proceed in state court, while retaining exclusive jurisdiction over the question of limitation of liability. *Id.* at 541-42. When a state court is competent to afford relief, for a district court "[t]o retain the cause would be to preserve the right of the shipowner, but to destroy the right of the suitor in the

state court to a commonlaw remedy; [whereas,] to remit the cause to the state court would be to preserve the rights of both parties." *Id.* at 541.

Additionally, in *Lake Tankers Corp. v. Henn*, 354 U.S. 147, 154 (1957), the Court articulated the "adequate fund exception." In *Lake Tankers*, the value of the vessel and the pending freight—in other words, the possible amount of liability limited under the Act—exceeded the total claims made against the vessel owner. *Id.* at 152. Finding that "[t]he state proceeding could have no possible effect on the petitioner's claim for limited liability," the Court held the provisions of the Act, namely the concursus requirement, did not apply. *Id.* at 153.

In the present case, the claimants argue that their stipulations transform their multiple claims into a single claim, and therefore, the district court did not err in allowing them to proceed in state court. There is significant support for this contention. In *Holly Marine*, 270 F.3d at 1090, we held:

> [I]f all the claimants stipulate that their claims will not subject [the vessel owner] to liability beyond th[e] amount [of the limitation fund], then [the vessel owner] is fully protected, and even if there are multiple claimants, the suits can continue in state court without endangering any interest that the Act protects.[4]

Moreover, in *Lewis*, the Supreme Court discussed a hypothetical which is similar to the present case and

---

[4] As will be discussed later, we reversed the district court's decision in *Holly Marine* to grant the claimants partial dissolution of the injunction because the stipulations were not signed by one of the claimants and thus did not adequately protect the vessel owner.

implicitly concluded that abstention would be appropriate in certain multiple claimants' situations:

> If the district court concludes that the vessel owner's right to limitation will not be adequately protected—where for example a *group of claimants cannot agree on appropriate stipulations* or there is uncertainty concerning the adequacy of the fund or the number of claims—the court may proceed to adjudicate the merits, deciding issues of liability and limitation.

*Lewis*, 531 U.S. at 454 (emphasis added). This statement, albeit dicta, supports by negative implication allowing claimants to proceed in state court so long as the vessel owner's right to limitation of liability is adequately protected through appropriate stipulations.

Extending the "single claimant" exception to instances like the present has also been endorsed by a number of our sister circuits. Specifically, the Second, Fifth and Eighth Circuits have all allowed multiple claimants to proceed in state court where the claimants have stipulated to certain conditions, namely concerning the exclusive jurisdiction of the federal district court to decide the limitation of the vessel owner's liability and the claimants' waiver of any *res judicata* assertion. *See Odeco Oil & Gas Co. v. Bonnette (Odeco I)*, 4 F.3d 401, 404-05 (5th Cir. 1993) (holding that claimants' stipulations, which fully protected the shipowner's right to seek limited liability, and claimants' agreement to abide by an admiralty court determination of the right to limit were adequate to lift an injunction of state court proceedings); *In re Dammers & Vanderheide & Scheepvaarts Maats Christina B.V.*, 836 F.2d 750, 756 (2d. Cir. 1988) (holding that claimants' stipulations conceding the admiralty court's exclusive jurisdiction to determine all issues relating to limitation of liability and prioritization of their claims allowed them to proceed with common law actions in other forums);

*Jefferson Barracks Marine Serv. Inc. v. Casey*, 763 F.2d 1007, 1011 (8th Cir. 1985) (holding that claimants' waiver of any claim of *res judicata* relevant to the issue of limited liability based on any judgment obtained in state court and claimants' concession of the shipowner's right to litigate all limitation of liability issues in federal court enabled their actions to proceed in state court). *Cf. In re S & E Shipping Corp.*, 678 F.2d 636, 641, 644 (6th Cir. 1982) (holding that a single claimant's stipulations and prioritization of her multiple claims created a single claim situation).

IMT makes much of Justice Frankfurter's plurality opinion in *Maryland Cas. Co. v. Cushing*, 347 U.S. 409, 415 (1954) which states that the concursus is the "heart" of the Limitation Act, explaining that the concursus fosters judicial efficiency by bringing together all potential claimants in a maritime accident and resolving their claims in one trial. Subsequent Supreme Court cases, however, have diminished the value of the concursus's contribution to judicial efficiency and maintained that the primary purpose of the Act is limitation of liability. *Lewis*, 531 U.S. at 453 (noting that the Act was designed to "protect vessel owners from unlimited exposure to liability"); *Lake Tankers Corp.*, 354 U.S. at 153 (noting that the Act was adopted to limit liability and that if the concursus is not necessary to protect this statutory right, it is not required). Moreover, IMT relies on Justice Frankfurter's language about the concursus's being the "heart" of the Act without articulating its relationship to the present case. In contrast, the claimants ground their request to return to state court in their interest in a jury trial.

Additionally, IMT claims that allowing claimants to proceed in state court will render Rule F meaningless, by depriving shipowners of their right to seek exoneration from and limitation of liability. Specifically, IMT argues

that the claimants' stipulation that they will only seek their pro rata share of any state court judgment in the event the district court determines limitation is appropriate is nothing more than an acknowledgment that they will comply with what Rule F already requires. IMT further contends that the single claimant exception will thereby swallow entirely a shipowner's right to a concursus of claims in federal court. But, IMT's argument fails because the claimants have not only stipulated to a potential pro rata distribution,[5] they have also: conceded that the district court has exclusive jurisdiction over all limitation of liability issues, agreed to waive any claims of res judicata respecting any limitation of liability issues, promised not to seek any amount in excess of the fund in the event that limitation is held appropriate and conceded that the district court has exclusive jurisdiction to determine the value of the limitation fund. (R. 84-2.) As such, we agree with IMT that a simple stipulation to pro rata distribution is not enough, but here the stipulations go farther. When multiple claimants form adequate stipulations that ensure that all limitation issues will be decided in federal court, as they have done in the instant case, then a vessel owner's rights are preserved and a concursus is unnecessary.

Finally, IMT contends that the claimants' stipulations do not prioritize their claims, and therefore they do not fall within the "single claimant" exception. IMT also asserts that five separate claimants cannot possibly determine how their claims will be paid from the fund in the event limitation occurs. IMT's argument lacks merit, however, because the claimants' stipulation to seek

---

[5] We question whether the pro rata distribution stipulation is even necessary since Rule F(8) already requires pro rata distribution if the district court limits liability. Fed. R. Civ. P., Supplemental Admiralty & Maritime Claims R. F(8).

only their respective pro rata shares of any judgment obtained in state court (provided limitation is deemed appropriate) accomplishes the same thing as prioritization. In the event of a judgment against IMT, all IMT will have to do is write a check. It is of no interest to IMT how that money is subsequently apportioned.

The primary purpose of the Limitation Act is to limit shipowners' liability for maritime accidents that occur "without the[ir] privity or knowledge." 46 U.S.C. § 30505; *Lewis*, 531 U.S. at 453; *Lake Tankers Corp.*, 354 U.S. at 153. True, the concursus may be more efficient, but the interest of judicial efficiency should not trump the right of claimants to choose their respective fora and the corresponding right to a jury trial that a state proceeding may provide. *See Odeco I*, 4 F.3d at 404-05. Indeed, to allow shipowners to manipulate the Limitation Act to deprive claimants of the ability to proceed in state court when they have consented to adequate stipulations "would transform the Act from a protective instrument [in]to an offensive weapon by which the shipowner could deprive suitors of their common-law rights." *Lake Tankers Corp.*, 354 U.S. at 152. The right to limit liability is not so "boundless." *Id.* Therefore, the district court correctly concluded that proper stipulations can transform multiple claims into a single claim for purposes of determining liability in state court.

We now turn to whether the stipulations in the present case adequately protect IMT's interests under the Limitation Act. Here, the claimants' stipulations, previously quoted in full, are similar to those of the injured parties in *Jefferson Barracks*, 763 F.2d at 1010, *Dammers & Vanderheide*, 836 F.2d at 756, and *In re Garvey Marine, Inc.*, 909 F. Supp. 560, 562-63 (N.D. Ill. 1995). Each of these cases involved multiple claimants whose state court claims were enjoined in limitation proceedings. The claimants, in turn, consented to stipulations in an at-

tempt to litigate their claims in state court. The courts in all three cases imposed the requirement that for the actions to proceed in state court, the claimants had to:

(a) file [their] claim[s] in the limitation proceeding;

(b) where a stipulation for value has been filed in lieu of the transfer of the ship to a trustee, concede the sufficiency in amount of the stipulation;

(c) consent to waive any claim of *res judicata* relevant to the issue of limited liability based on any judgment obtained in the state court;

(d) concede petitioner shipowner's right to litigate all issues relating to limitation in the limitation proceeding.

*Jefferson Barracks,* 763 F.2d at 1010 (citing Gilmore & Black, *The Law of Admiralty* 871, n.84 (2d ed. 1975)); *see also Dammers & Vanderheide*, 836 F.2d at 758 (quoting same language);[6] *In re Garvey Marine, Inc.*, 909 F. Supp. at 566 (quoting same language). In each case, the court determined that, because the claimants' stipulations met these requirements, they had transformed their multiple claims into a single claim while still protecting the respective shipowners' rights under the Limitation Act. *Jefferson Barracks Marine Service Inc.,* 763 F.2d at 1011; *Dammers & Vanderheide*, 836 F.2d at 758; *In re Garvey Marine, Inc.*, 909 F. Supp. at 566.

In the instant case, the claimants' stipulations allow the district court to retain jurisdiction over all limitation issues, while also permitting the claimants to pursue the question of liability in state court. The claimants' state-

---

[6] The Second Circuit in *Dammers & Vanderheide* declined to hold that the second requirement—a stipulation of the value of the fund—was required. 836 F.2d at 758.

ment that the district court has exclusive jurisdiction to decide all issues related to limitation of liability, their waiver of any potential claims of res judicata, their concession not to seek liability beyond the fund if the district court determines that limitation is appropriate and their agreement to seek only their respective pro rata share of the fund in the event that limitation is deemed proper ensure that IMT's rights under the Limitation Act are adequately protected.

Next, we address IMT's argument that the failure of Billy Joe Thomas (IMT's employee and the driver of the barge owned by IMT) to sign the claimants' stipulations jeopardizes its rights under the Limitation Act. Although not entirely clear, IMT appears to raise two concerns. First, IMT contends that Thomas should be considered a claimant because he can potentially bring an indemnification or contribution action; therefore, his failure to sign the stipulations could expose IMT to liability in excess of the fund. Second, IMT raises a concern that findings in state court concerning IMT's failure to train Thomas could be raised as *res judicata* in a subsequent federal limitation of liability proceeding, thereby undermining IMT's right to have all limitation issues decided in federal court.[7] IMT maintains that Thomas has a strong motivation to assert *res judicata*, because, if IMT obtains limitation, he alone will be responsible for any judgment above the limitation fund.

With respect to the first concern—that Thomas is or could be a claimant—, IMT cites *Holly Marine*, 270 F.3d

---

[7] Presumably IMT is concerned about a finding in the state court that IMT failed to adequately train Thomas. This possible finding might impact the question of "knowledge or privity" of IMT. IMT must show that it was "without privity or knowledge" in order to limit its liability. *See* 46 U.S.C. § 30505.

1086, in support of its assertion that the claimants' stipulations inadequately protect its rights. *Holly Marine* involved a crane accident that killed one person and injured another. *Id.* at 1088. The injured parties filed suit in Illinois state court against Holly Marine (the vessel owner), JLG Industries (the manufacturer of the crane) and BH&H (the construction company that employed the plaintiffs). *Id.* Holly Marine filed a motion in federal court for limitation of liability and to stay the state court action. *Id.* Along with the injured parties, JLG filed a claim for contribution from Holly Marine as a joint tortfeasor should the injured parties obtain a judgment against JLG for its role in the accident. *Id.* The injured parties, but *not* JLG, filed a motion to modify the injunction and submitted stipulations. *Id.* We held that JLG's failure to agree to the stipulations left Holly Marine inadequately protected, and therefore, the district court abused its discretion in granting the injured plaintiffs' motion to amend the stay. *Id.* at 1090. IMT's reliance on *Holly Marine* is misguided, however, because, unlike JLG Industries, Thomas is neither a claimant in the federal court proceeding, nor has he filed a lawsuit against IMT in state court. As such, *Holly Marine* is distinguishable from the present case, because Thomas is not asserting a claim that could expose IMT to liability in excess of the limitation fund.

Relying on *Odeco II*, 74 F.3d 671 (5th Cir. 1996) and *In re Port Arthur Towing Co.*, 42 F.3d 312 (5th Cir. 1995), IMT further argues that a party that may *potentially* seek indemnification or contribution from a shipowner must be considered a claimant within the Limitation Act. IMT argues that the possibility Thomas may seek indemnification or contribution in the state court proceeding necessitates Thomas's signing of the stipulations in order for IMT's right to a limitation of liability proceeding to be protected. However, IMT's reasoning fails because Thomas waived his right to seek indemnification or

contribution. Specifically, Thomas submitted a Waiver of Claims with the district court which states:

> Thomas . . . hereby waives any claim for indemnity, contribution, or any other relief that he *now has or may have in the future* against Illinois Marine Towing, Inc. for any legal liabilities he may incur as a result of the collision which is the subject matter of the Complaint of Illinois Marine Towing, Inc. for Exoneration From or Limitation of Liability.

(R. 104 at 1 (emphasis added).) Although Thomas's waiver did reserve his ability to counterclaim if IMT sought indemnity or contribution from him, IMT points to no indication that it will do so, and further, the choice to trigger this reservation is entirely within IMT's control. Therefore, Thomas is precluded from becoming a claimant in either state court or federal court, and as such, his failure to sign the stipulation is of no concern. At the very least, the district court did not abuse its discretion in relying on Thomas's waiver to find that IMT's right to a limitation of liability proceeding in federal court was adequately protected by the claimants' stipulations.

We also reject IMT's second concern: that a state court finding concerning IMT's failure to adequately train Thomas could somehow make its way into federal court, thereby undermining IMT's statutory right to have all limitation issues decided in federal court. IMT has failed to articulate how Thomas as a non-party to the federal action could assert *res judicata*, and we cannot find any possible avenue of his entry into the federal proceeding. In short, only the claimants could potentially assert *res judicata* principles on the basis of the state court proceeding, and they have stipulated that they will not do so. (R. 84-2 at ¶2.) Therefore, we hold that the district court did not abuse its discretion in finding that the claimants' stipulations, even without Thomas's signature, adequately protect IMT's interests under the Limitation Act.

In conclusion, the Limitation Act's primary purpose is to protect a shipowner's right to limited liability for maritime accidents occurring without its privity or knowledge. *Lewis*, 531 U.S. at 451; *Lake Tankers*, 354 U.S. at 153. The saving to suitors clause of 28 U.S.C. § 1333(1) and Supreme Court precedent affirm that as long as this right is preserved, parties should be allowed to litigate their claims stemming from such an accident in the forum of their choice. *See* 28 U.S.C. 1333(1); *see Lewis*, 531 U.S. at 454. In the present case, the claimants' stipulations adequately protect IMT's right to seek limitation of liability and have all limitation issues decided in federal court. As such, the district court did not abuse its discretion in lifting the stay of the claimants' state court action. We therefore affirm the ruling of the district court.

## III. Conclusion

For the foregoing reasons, we AFFIRM the district court's order granting the claimants Motion to Modify the Stay.

A true Copy:

>   Teste:

>   _____
>   *Clerk of the United States Court of*
>   *Appeals for the Seventh Circuit*