In the

# United States Court of Appeals

### For the Seventh Circuit

No. 08-1545

AMERICAN RIVER TRANSPORTATION COMPANY,

*Plaintiff-Appellee,*

*v.*

ANTOINETTE RYAN,

*Defendant.*

APPEAL OF:

KERRIE L. VESOLOWSKI,

*Claimant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 07 C 218—**Elaine E. Bucklo**, *Judge.*

ARGUED FEBRUARY 11, 2009—DECIDED AUGUST 27, 2009

Before BAUER, RIPPLE and WOOD, *Circuit Judges.*

WOOD, *Circuit Judge.* When a barge pushed by a towboat owned and operated by American River Trans-

portation Company ("Artco") collided with a motor boat, passenger Kerrie Vesolowski was injured. After Vesolowski sued Artco for negligence in the Circuit Court of Cook County, Artco filed a complaint in federal court under the Shipowner's Limitation of Liability Act ("Limitation Act"), 46 U.S.C. §§ 30501 *et seq.*, seeking exoneration from, or limitation of, liability. This appeal considers whether the district court had the authority to stay Vesolowski's state suit while it decides if Artco is entitled to limitation or exoneration. After initially permitting such a stay, the district court changed its mind, ordered Vesolowski to dismiss the suit, and found her in contempt for maintaining it. Because we find that the law permits Vesolowski to maintain her suit under stay, we reverse the judgment of dismissal and remand for further proceedings consistent with this opinion.

**I**

On September 14, 2006, a motor boat driven by Jason Aardema collided with a barge pushed by the *Donna Jean*, a towboat owned and operated by Artco. Three passengers on the motor boat—Vesolowski, Antoinette Ryan, and Mark Bigos—were injured in the collision. After Vesolowski followed up with her state-court negligence action against Artco, Artco turned to the federal court for relief. Under the Limitation Act, a shipowner's liability is limited to the value of the ship, so long as the owner proves that the acts and losses were "done, occasioned, or incurred, without the privity or knowledge of the owner." 46 U.S.C. § 30505(b). But determining

whether a shipowner qualifies for limited liability takes time. To protect the potentially qualified shipowner during that time, the Limitation Act requires that "[w]hen an action has been brought under this section . . . all claims and proceedings against the owner related to the matter in question shall cease." § 30511(c). Artco accordingly coupled with its complaint a request for an injunction under § 30511(c). The district court responded with the following order, issued under the authority of Supplemental Rule F of the Federal Rules of Civil Procedure on January 24, 2007:

> FURTHER ORDERED that the institution and prosecution of any suits, actions or legal proceedings of any nature or description whatsoever in any court whatsoever, against the Petitioner or the M/V DONNA JEAN in respect of any claim arising out of or connected with the said voyage and incident, exception in this proceeding, be hereby stayed and restrained until the hearing and determination of this proceeding . . . .

In compliance with this order, Vesolowski stayed her state suit against Artco.

The state-court suit remained stayed for a year, until January 2008, when Artco filed a motion asking the district court to find Vesolowski, Ryan, and Edward Bigos (the administrator of Mark Bigos's estate) in contempt and to impose sanctions against them. Unlike Vesolowski, Ryan, and Bigos had filed state-court actions against Artco after the January 24 injunction, and the bulk of Artco's motion addresses them. Only four sen-

tences describe why Vesolowski—as opposed to Ryan and Bigos—should be punished. Those sentences allege that Vesolowski filed a "Third Amended Complaint naming Artco as a defendant" and that the district court's orders "prohibit Artco from being sued at all." We pause to note that the first assertion mischaracterizes the facts. Vesolowski did file a Third Amended Complaint in December 2007 adding new defendants, but those new defendants did not include Artco. Artco had been named as a defendant since Vesolowski's first complaint, which was filed before the January 24 injunction. Artco's motion also discusses a November 29, 2007, order of the district court that denied Aardema's request to modify the injunction. But Aardema, unlike Vesolowski, initiated his state claim against Artco after the January 24 injunction.

Although it did not mention these points earlier, Artco now suggests that there were two additional justifications for its motion seeking a contempt order and sanctions against Vesolowski. First, Vesolowski had filed a Second Amended Complaint in October 2007 changing the allegations against Artco; she added two new theories of negligence—failure to sound proper whistles and failure to exhibit proper lights—and she supplied rule numbers for her original allegations. Second, Artco complains, Vesolowski asked the state court to remove her case from the bankruptcy calendar, where it had been placed in error. The suit remained stayed at all times and, while Artco attended the state hearings, Artco never had to respond to Vesolowski's actions or answer the complaint.

Artco's motion for contempt and sanctions was originally noticed for presentment on January 30, but the district court cancelled the hearing after Vesolowski filed her response. The court granted Artco's motion for contempt and sanctions on February 5 with the following explanation:

> Artco's motion for contempt and sanctions for repeated violations of the court's orders of January 24, 2007 and November 29, 2007 against Antoinette Ryan, Kerrie Vesolowski and Edward Bigos is granted. . . . As I have said before, there is no exception to the statute barring the state court action against Artco that is applicable here, nor have respondents argued that they fall within one of the eliminated exceptions under which courts have allowed the filing of state actions. *Therefore, under the law they may not continue any action against Artco in state court, even if the action is stayed.* They are protected by the fact that they can file an action for contribution in this court, as I have previously stated. The state court actions against Artco shall be dismissed within one week. Respondents shall pay Artco's costs in bringing this motion.

(emphasis added). Vesolowski obeyed the order and dismissed her state-court action, but she filed a motion for reconsideration. After the district court denied that motion, she filed this appeal. This order matters to Vesolowski because if it stands, she loses the ability to sue Artco in state court (and thus to have a jury decide her negligence claims), because Illinois's two-year statute of limitations for personal injury claims, see 735 ILCS 5/13-

202, will have run by that time, and the parties have not directed our attention to any tolling rule that would permit a late filing.

## II

Our assessment of the district court's order is complicated by Artco's shifting explanation for it. Artco's argument to the district court, abbreviated as it was, seems to have been that the Limitation Act and the January 24 injunction prevent Vesolowski from maintaining her state suit, even if that suit is stayed. The district court appears to have agreed, though the order fails to distinguish Vesolowski from Bigos and Ryan and does not explain why a stay is not a satisfactory way of meeting the requirement of § 30511(c) that "all claims and proceedings against the owner related to the matter in question shall cease."

On appeal, Artco adopts yet another argument: the order to dismiss the suit, it urges, is a sanction for Vesolowski's prosecution of the state suit. Artco now concedes that Vesolowski could have maintained her suit under stay so long as she refrained from "prosecuting" it. We therefore have two possible explanations for the district court's order: (1) Vesolowski cannot maintain her suit under stay (or, in other words, nothing less than dismissal will do once § 30511(c) is invoked); and (2) Vesolowski violated the injunction by prosecuting the suit and the order to dismiss the suit is a sanction. We need not guess which of these lay behind the district court's order because, as we discuss below, neither reason justifies requiring Vesolowski to dismiss her suit.

But Artco's federal complaint is still pending, and so the first thing we must address is our jurisdiction over Vesolowski's appeal. Under 28 U.S.C. § 1292(a)(1), this court has jurisdiction over modifications of injunctions. We do not, however, have jurisdiction over orders interpreting injunctions. See *ACORN v. Illinois State Bd. of Elections*, 75 F.3d 304, 306 (7th Cir. 1996). Artco, which has a vested interest in avoiding immediate review of the February 5 order, insists that it merely interprets the January 24 injunction. Vesolowski defends appellate jurisdiction with the arguments that the February 5 order altered the legal relationship between the parties and that it is sufficiently distinct from the underlying merits of Artco's suit to fall within the collateral order doctrine. We take these points in turn.

To determine the consequences of a contempt order, we must "look beyond the characterization given the contempt order by the parties and the district court to the actual effect of that order." *Motorola, Inc. v. Computer Displays Int'l, Inc.*, 739 F.2d 1149, 1155 (7th Cir. 1984). As Vesolowski notes, the key question is whether the order "alters the legal relationship between the parties," *id.*, or "raises new substantive issues or material," *Buckhanon v. Percy*, 708 F.2d 1209, 1213 (7th Cir. 1983).

The January 24 injunction ordered that the "institution and prosecution" of suits be "stayed and restrained." No one asserts that Vesolowski instituted a brand new lawsuit after the date of that injunction. The dispute revolves around the question whether, after that date, she prosecuted her action. Nothing in the January 24

injunction said anything about dismissing existing litigation; indeed, the very use of the word "stay" implied that Vesolowski could go to the state court and put that lawsuit on ice until the federal proceedings were concluded. That is what she did. Not until the order of February 5 did the district court say anything to the contrary. In the latter order, it said, in essence, that a stay was not good enough; instead, it wrote, "under the law [Vesolowski] may not continue any action against Artco in state court, even if the action is stayed." The February 5 order therefore alters the January 24 injunction by requiring the dismissal of previously filed state suits. Artco argues that the later order cannot be a modification because it does not use words like "modify" or "enjoin," but, as *Motorola* and *Buckhanon* make clear, it is the substance that matters. The substance here—an order requiring Vesolowski to dismiss her state suit and thereby costing Vesolowski her choice of forum and the opportunity to have a jury trial—alters the legal relationship between the parties and changes the original injunction. The order therefore modifies the injunction and we have jurisdiction over it under § 1292(a)(1).

Artco resists this conclusion with a final argument based on *Moglia v. Pacific Employers Ins. Co.*, 547 F.3d 835 (7th Cir. 2008). That case, it contends, precludes this court from classifying a contempt order as an injunction. But *Moglia* (which, importantly, was a case in which appellate jurisdiction was governed by 9 U.S.C. § 16(b)) addressed a different question from the one before us. It held that an order requiring a Trustee in bankruptcy to

sign a hold-harmless agreement was not immediately appealable as an injunction. *Moglia* did not address the question here—whether a particular order that, in part, holds a party in contempt may at the same time modify a preexisting injunction. It therefore provides no support for Artco's position.

We add for the sake of completeness that if we are wrong, and the better characterization of the order to dismiss the state suit is as something that merely interprets the earlier injunction, that would not be the end of our appellate jurisdiction. Two possible theories remain. First, under this alternative view, the February 5 order would meet the criteria of the collateral order doctrine. The contempt order is reviewable as a final order because it is conclusive, "resolve[s] important questions separate from the merits" and is "effectively unreviewable on appeal from the final judgment in the underlying action." *Swint v. Chambers County Comm'n*, 514 U.S. 35, 42 (1995); *Motorola, Inc.*, 739 F.2d at 1154. Second, depending on how broadly one construes the provision authorizing interlocutory appeals in admiralty cases, 28 U.S.C. § 1292(a)(3), it is possible that this too might be a source of jurisdiction. (There is some debate over whether it is limited to interlocutory appeals after a determination of liability, but prior to quantification of damages, or if it operates more expansively. See 16 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3927 (2d ed. 1996). We need not resolve that issue, since we are satisfied that our jurisdiction is secure in any event.) We may therefore proceed to the merits.

**III**

This court reviews both a contempt finding and a district court's ruling on a Limitation Act injunction for abuse of discretion. See *Stotler & Co. v. Able*, 870 F.2d 1158, 1163 (7th Cir. 1989); *In re Ill. Marine Towing*, 498 F.3d 645, 649 (7th Cir. 2007). As always, we review legal conclusions *de novo. Id.*

As we have already noted, there are two possible justifications for the district court's order to dismiss the stayed state suit: first, that § 30511(c) can be satisfied only by a dismissal of the state-court suit, and second, that the court ordered the dismissal as a sanction for some act that Vesolowski took that amounted to "prosecuting" her suit. While Artco seems to have abandoned the first theory by conceding that a stay is a permissible way of complying with the statute (and thus Vesolowski can keep her suit before the state court as long as it is stayed), we want to clear up any confusion on this point.

The Limitation Act requires that all claims and proceedings "cease" while the federal courts determine whether the shipowner has a right to limited liability. 46 U.S.C. § 30511(c). But this provision must be interpreted in conjunction with the "savings to suitors" clause in 28 U.S.C. § 1333(1), which reserves to suitors in admiralty or maritime cases their common-law remedies. These remedies include the right to select a forum and the right to demand a jury trial—two remedies Vesolowski loses if she must dismiss her state claim. See *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 455 (2001); *Pickle v. Car Lee Searfood, Inc.*, 174 F.3d 444, 449 n.2 (4th Cir. 1999).

The district court believed that claimants, including Vesolowski, are protected by the ability to file suit in the federal proceedings. But the "savings to suitors" clause, as interpreted in *Lewis,* reserves for Vesolowski the right to pursue her claim in state court if the owner fails to prove its right to limited liability. See also *In re McCarthy Brothers Co.*, 83 F.3d 821, 826-27 (7th Cir. 1996) (describing the conflict between the "savings to suitors" clause and § 30511(c) as "significant" because claimants have no right to a jury trial in admiralty actions in federal court, and holding that a federal court must allow a claimant to proceed in state court if the owner fails to prove her right to limited liability).

Because Vesolowski has the right to pursue the common-law remedies afforded her in state court, the word "cease" in § 30511(c) cannot be limited to the idea of termination; it must also include forbearance or suspension. The Fourth Circuit so found when addressing this issue. See *Pickle*, 174 F.3d at 449 n.2. Moreover, interpreting "cease" to permit the continuance of a suit under stay respects the Supreme Court's warning in *Lake Tankers Corp. v. Henn*, 354 U.S. 147 (1957), that interpreting the Limitation Act in a way that prevents claimants from proceeding in their state cases "would transform the Act from a protective instrument to an offensive weapon by which the shipowner could deprive suitors of their common-law rights . . . ." 354 U.S. at 152. Interpreting the Limitation Act to require the dismissal of pre-existing state suits—when combined with statutes of limitations and the time required to resolve federal complaints—would allow any shipowner to deprive a suitor of her

common-law rights by filing a meritless Limitation Act complaint. Such an interpretation is flatly inconsistent with the "savings to suitors" clause, and for that reason we reject it. We hold that a suitor can maintain her pre-existing state claim so long as she stays the suit during the pendency of the Limitation Act proceedings.

As neither the January 24 injunction nor the law requires Veslowski to dismiss her state suit, the only remaining point that we need to address is whether the district court abused its discretion, on the assumption that it ordered Vesolowski to dismiss her state suit as a sanction. In our opinion, it did. First, we do not view the minor steps that Vesolowski took in the state court as "prosecuting" the action. The suit remained stayed at all times; Artco was never required to respond to the amended complaints; the addition of new defendants in December 2007 did not affect Artco; and the addition of rule numbers and two additional theories of breach did not alter the underlying claim of negligence. Moreover, even if we assume that Vesolowski's actions did amount to "prosecution," ordering Vesolowski to dismiss her state-court action as a sanction would be an abuse of discretion. A civil contempt order is designed "to compel obedience to a court order or to compensate the contemnor's adversary for the injuries which result from the noncompliance." *De Manez v. Bridgestone Firestone N. Am. Tire, LLC*, 533 F.3d 578, 590 (7th Cir. 2008) (internal quotation marks omitted). On these facts, there is no reason to believe that such a drastic sanction was necessary to achieve those goals. In addition, even if Vesolowski crossed the line by filing

the Second Amended Complaint, she took that action in October, and Artco neither objected at the time nor bothered to mention this in support of its motion for sanctions. The district court never discussed these issues and never explicitly found that Vesolowski prosecuted her suit. Given these circumstances, we are loath to assume, as Artco urges, that the district court ordered Vesolowski to dismiss her complaint as a sanction for prosecuting the suit.

We REVERSE the order of contempt and sanctions against Vesolowski and REMAND for further proceedings consistent with this opinion.