STANISLAW TRUSZEWSKI, Plaintiff-Appellee, v. OUTBOARD MOTOR MARINE CORPORATION *et al.*, Defendants-Appellees and Third-Party Plaintiffs-Appellees (Mutual Maintenance Company, Third-Party Defendant-Appellant).

First District (3rd Division)   Nos. 1—95—0059, 1—95—1756 cons.

Opinion filed September 24, 1997.

William F. DeYoung, Loretto M. Kennedy, and Carole C. Tubbesing, all of Burke, Weaver & Prell, of Chicago, for appellant.

Francis William Golden, of Chicago, for appellees.

JUSTICE LEAVITT delivered the opinion of the court:

Stanislaw Truszewski, who worked for Mutual Maintenance Co. (Mutual), sued Outboard Motor Marine Corp. (Outboard) and Lester Engineering Co. (Lester) for damages resulting from an injury to his hand which occurred while Truszewski cleaned a machine manufactured by Lester and owned and operated by Outboard. Truszewski received $387,500 in a settlement, $287,500 of which originated with Outboard and $100,000 of which originated with Lester. As part of a settlement, Outboard and Lester dismissed with prejudice their contribution claims against each other. In the remaining contribution action where Outboard sued Mutual, a jury found Mutual responsible for 40% of Outboard's liability to Truszewski. The judge ordered Mutual to pay Outboard $115,000, representing 40% of $287,500. We reverse and remand.

Mutual claims the trial court erred when it rejected Mutual's proffered jury verdict form, which read:

"We, the jury, apportion responsibility as follows:

| | |
|---|---|
| Outboard Marine Corporation | _____% |
| Mutual Maintenance Company | _____% |
| Lester Engineering | _____% |
| Total: | 100%." |

Instead, the court submitted the verdict form suggested by Outboard, which read:

"We, the jury, apportion responsibility as follows:

| | |
|---|---|
| Outboard Marine Corporation | _____% |
| Mutual Maintenance Company | _____% |
| Total: | 100%." |

■ Trial courts have discretion to decide which jury instructions to deliver. *Gaines v. Townsend*, 244 Ill. App. 3d 569, 576, 613 N.E.2d 796 (1993). We will grant a new trial only where a party shows it suffered serious prejudice to its right to a fair trial due to the court's failure to give a tendered jury instruction. *Gaines*, 244 Ill. App. 3d at 576.

■ Both parties accurately state the axiom that, "[w]henever available, the [Illinois Pattern Jury Instruction] should be given, unless the court determines that it does not accurately state the law." *Harnischfeger Corp. v. Gleason Crane Rentals, Inc.*, 223 Ill. App. 3d 444, 465, 585 N.E.2d 166 (1991). The pattern instruction applicable here is Illinois Pattern Jury Instructions, Civil, No. 600.16 (3d ed. 1993) (hereinafter IPI Civil 3d), which reads:

"Verdict Form—Apportionment of Responsibility—Contribution Following Settlement:

We, the jury, apportion responsibility as follows:

| | |
|---|---|
| _____ | ____% |
| name of contribution plaintiff | |
| _____ | ____% |
| name of first contribution defendant | |
| _____ | ____% |
| name of second contribution defendant | |
| _____ | ____% |
| name or describe non-party | |
| TOTAL | 100% |

If you find that any person or entity was [not negligent] [not at fault] in a way that proximately caused the injured person's injury, then you should enter a zero as to that person or persons."

The "Notes on Use" that follow IPI Civil 3d No. 600.16 state "this verdict form makes provision for determining the fault attributable to non-parties. The trial judge, after verdict, will then have to determine the contribution judgment to be entered." Illinois Pattern Jury Instructions, Civil, No. 600.16, Notes on Use (3d ed. 1993).

■ Mutual claims the verdict form selected by the court unjustifiably deviated from the relevant IPI. Mutual asserts the instruction utilized did not accurately conform to the law of contribution embodied in Illinois' Joint Tortfeasor Contribution Act (the Contribu-

tion Act). 740 ILCS 100/0.01 through 5 (West 1992). The Contribution Act provides:

"(a) *** where 2 or more persons are subject to liability in tort arising out of the same injury to person or property, *** there is a right of contribution among them, even though judgment has not been entered against any or all of them.

(b) The right of contribution exists only in favor of a tortfeasor who has paid more than his pro rata share of the common liability, and his total recovery is limited to the amount paid by him in excess of his pro rata share. No tortfeasor is liable to make contribution beyond his own pro rata share of the common liability." 740 ILCS 100/2 (West 1992).

Although not defined in the Contribution Act, the terms "pro rata" and "common liability" are defined in the introduction to the contribution section of the Illinois Pattern Jury Instructions for Civil Cases. It reads:

" 'Pro rata' as used in [section 2(b) (740 ILCS 100/2(b) (West 1992))] merely means the percentage share as assessed by the trier of fact. 'Common liability' [under section 2(b)] means the total sum of the liability of all persons who contributed as a cause to the plaintiff's injury, no matter how small each share of that liability might be." Illinois Pattern Jury Instructions, Civil, No. 600.00, at 600—8 (3d ed. 1993), citing *Ziarko v. Soo Line R.R. Co.*, 234 Ill. App. 3d 860, 602 N.E.2d 5 (1992), and *Mallaney v. Dunaway*, 178 Ill. App. 3d 827, 831, 533 N.E.2d 1114 (1988).

Our supreme court recognized that the Contribution Act is concerned with the relative culpability of defendants. *Doyle v. Rhodes*, 101 Ill. 2d 1, 14, 461 N.E.2d 382 (1984). It provides a remedy for an entity that has paid more than its *pro rata* share of the common liability by allowing it to seek contribution from a fellow joint tortfeasor who has not paid his *pro rata* share of the common liability. 740 ILCS 100/2 (West 1992). The Contribution Act also establishes a remedy for a joint tortfeasor from whom contribution is sought. He cannot be made to pay more than his *pro rata* share of the common liability. 740 ILCS 100/2 (West 1992). And, one seeking contribution can only recover the amount he paid in excess of his *pro rata* share. *Lilly v. Marcal Rope & Rigging, Inc.*, 289 Ill. App. 3d 1105, 1116, 682 N.E.2d 481, 488 (1997).

■ Mutual specifically alleges the verdict form, by failing to apportion fault among all three joint tortfeasors, caused Mutual to pay more than its *pro rata* share of the common liability in violation of the Contribution Act. 740 ILCS 100/2 (West 1992). Common liability here means the total sum of Mutual's, Outboard's and Lester's liability, no matter how small or how great each share might be. Illinois Pattern Jury Instructions, Civil, No. 600.00 (3d ed. 1993).

Although no case squarely confronts the question of whether excluding a nonparty tortfeasor's fault on a verdict form causes an unfair determination of a party's *pro rata* share under the Contribution Act, Mutual directs us to Gordon Broom's *The IDC Monograph: Instructing the Jury on Contributory Negligence, Contribution, and Apportionment in the Multiple Joint Tortfeasor Case,* 4 Ill. Def. Couns. Q. No. 2, at ii—xxiv (1994), which supports its position. The author there asserts where only two of three parties who contributed to plaintiff's injury are listed on a verdict form, "the total pro-rata fault of the parties as to each other will equal 100% [; however,] that is only 100% of the common liability of the parties left in the case, not 100% of common liability 'of all persons who contributed' to plaintiff's injury." 4 Ill. Def. Couns. Q., at viii. And, under Illinois' Contribution Act, a joint tortfeasor can only be made to contribute his *pro rata* share of "the total sum of the liability of all persons who contributed as a cause to the plaintiff's injury." Illinois Pattern Jury Instructions, Civil, No. 600.00 (3d ed. 1993).

Outboard claims *Harnischfeger*, 223 Ill. App. 3d 444, 585 N.E.2d 166, supports its position that the verdict form used here was proper. In *Harnischfeger*, John Clark was injured when the crane he operated for Keeley & Sons contacted an energized power line. Clark sued Keeley Brothers Contracting Co., Keeley & Sons, Harnischfeger, H.H. Hall Construction Company (Hall), Union Electric Company (Union), and Gleason Crane Rentals, Inc. (Gleason). Clark settled with Harnischfeger, Hall and Union. As part of the settlement, Clark's claims against Gleason were dismissed. Harnischfeger, Hall and Union, none of which had claims against each other, then tried their contribution actions together against Gleason. The court utilized the third-party plaintiffs' suggested verdict forms, which read:

" 'As between Harnischfeger Corporation and Gleason Crane Rentals, Inc., we, the jury, apportion damages as follows:

| | |
|---|---|
| Harnischfeger Corporation | ____% |
| Gleason Crane Rentals, Inc. | ____% |
| TOTAL | 100%' |

'As between H.H. Hall Construction Company and Gleason Crane Rentals, Inc., we, the jury, apportion damages as follows:

| | |
|---|---|
| H.H. Hall Construction Company | ____% |
| Gleason Crane Rentals, Inc. | ____% |
| TOTAL | 100%' |

'As between Union Electric Company and Gleason Crane Rentals, Inc., we, the jury, apportion damages as follows:

| | |
|---|---|
| Union Electric Company | ____% |
| Gleason Crane Rentals, Inc. | ____% |
| TOTAL | 100%.' " |

223 Ill. App. 3d at 460-61.

The appellate court held the verdict forms were proper, stating: "Gleason's claim that the single verdict form would have reduced its obligation is simply unsupported." *Harnischfeger*, 223 Ill. App. 3d at 462.

We find the decision in *Harnischfeger* distinguishable from the case *sub judice. Harnischfeger* did not involve a nonparty tortfeasor and it was tried prior to the 1993 revision of IPI Civil No. 600.16 to its current form. The former IPI Civil No. 600.16 did not dictate nonparties' inclusion, as the current version does. The old section read:

"600.16 Verdict Form—Apportionment of Responsibility
We, the jury, apportion damages as follows:

| | |
|---|---|
| _____ | ____% |
| name of party | |
| _____ | ____% |
| name of party | |
| _____ | ____% |
| name of party | |
| TOTAL: | 100%." |

Illinois Pattern Jury Instructions, Civil, No. 600.16, at 600—38 (2d ed. Supp. 1986).

More importantly however, we find that decision's logic fundamentally flawed. Harnischfeger settled by paying the plaintiff $1,700,000. Hall paid $2 million and Union paid $500,000 to Clark. Based on the aforementioned verdict form, the jury assessed fault:

| | | |
|---|---|---|
| Harnischfeger Corp. | 50% | $ 850,000 |
| Gleason Crane Rentals, Inc. | 50% | $ 850,000 |
| | 100% | $1,700,000 |
| | | |
| H.H. Hall Construction Co. | 5% | $ 100,000 |
| Gleason Crane Rentals, Inc. | 95% | $1,900,000 |
| | 100% | $2,000,000 |
| | | |
| Union Electric Co. | 10% | $ 50,000 |
| Gleason Crane Rentals, Inc. | 90% | $450,000 |
| | 100% | $500,000. |

Based on the verdict form, Gleason ultimately contributed $3,200,000, or approximately 76.2% of the total amount paid to the plaintiff.

That result patently violated the Contribution Act, which states that no tortfeasor is liable to make contribution beyond his *pro rata* share of the common liability. 740 ILCS 100/2(b) (West 1992). Although the jury did not calculate Gleason's *pro rata* share of the common liability, that share can be algebraically deduced from the jury's assessments. 4 Ill. Def. Couns. Q., at xii-xiv. That article articulately sets forth a mathematical equation which yields each party's fault percentage:

> "The common fault of Harnischfeger (A), H.H. Hall (B), Union (C) and Gleason (D) equaled 100% of the common liability. Thus, the first part of the equation for each defendant's percentage of fault sets up as follows:
>
> $A + B + C + D = 100\%$
>
> Using the jury's calculation of each settling tortfeasor's fault compared to that of D, the equation sets up as follows:
>
> > A and D were found to have contributed equally to the injury, i.e. 50%/50%.
> >
> > $A = D$.
> >
> > B's fault compared to D's fault was 5%.
> >
> > $B = 5\%$ and $D = 95\%$
> >
> > or
> >
> > $B = 1/19D$.
> >
> > C's fault compared to D's fault was 10%.
> >
> > $C = 10\%$ and $D = 90\%$
> >
> > or
> >
> > $C = 1/9D$.
> >
> > Substituting these new equations for A, B, and C, the equation for the percentages of fault for A, B, C and D combined is now:
> >
> > $D + 1/19(D) + 1/9(D) + D = 100\%$.
> >
> > The common denominat[or] for the equation is 171, which converts this equation as follows:
> >
> > $171(D) + 9(D) + 19(D) + 171(D) = 17,100$.
> >
> > D's percentage can now be computed:
> >
> > $370(D) = 17,100$.
> >
> > $D = 46.215\%$ [rounded]."

So, Gleason was 46.215% at fault, Hall was 2.43% at fault, Union was 5.14% at fault and Harnischfeger was 46.215% at fault. Gleason's *pro rata* share of the common liability was thus not 76.2% but, rather, 46.215%.

The settlement with the plaintiff dictated the universe of common liability, which was $4,200,000. The Contribution Act mandated

Gleason pay no more than its *pro rata* share of the common liability, 46.215%. 740 ILCS 100/2 (West 1992). That sum was $1,941,030, not $3,200,000, which the court mandated Gleason contribute based on the ill-conceived verdict forms. *Harnischfeger*, 223 Ill. App. 3d at 462.

Again, the issues in *Harnischfeger* are distinguishable from those *sub judice*. We reject Outboard's suggestion that we adopt the logic employed in that decision. We use *Harnischfeger* only to illustrate the gross inequity an improvidently drawn verdict form can yield.

Outboard further argues the Contribution Act bars Lester's inclusion on the verdict form based on the following language:

> "The tortfeasor who settles with a claimant [in good faith] is discharged from all liability for any contribution to any other tortfeasor." 740 ILCS 100/2(d) (West 1992).

This language does not support Outboard's contention.

The Contribution Act provides a defendant who enters into a good-faith settlement has no further liability. Lester's was a good-faith settlement, and Lester was therefore discharged from liability for contribution. Accordingly, Lester's presence on the jury form could not have caused Lester to pay again. A jury's assessment of Lester's *pro rata* share of common liability would serve only to facilitate its assessment of Mutual's *pro rata* share.

Lester's presence on the verdict form is not only nonprejudicial to Lester, but also essential to a just resolution of this third-party dispute. Because a party cannot be forced to pay more than his *pro rata* share of the common liability, and because the common liability here is the sum of Lester's, Mutual's and Outboard's fault (a percentage that must equal 100), Mutual's *pro rata* share of the common liability cannot be fairly assessed without reference to Lester's *pro rata* share. 740 ILCS 100/2(b) (West 1992).

In reaching our conclusion, we are aware that no Illinois court has directly addressed the issue before us today. However, in a related context, this court held similarly. In *Bofman v. Material Service Corp.*, 125 Ill. App. 3d 1053, 1063-64, 466 N.E.2d 1064 (1984), the comparative negligence instruction under review required the jury to consider the negligence of "all other persons" in computing "total combined negligence." *Bofman*, 125 Ill. App. 3d at 1063. We held "[c]onsideration *** of both parties and nonparties to an action is essential for determining liability commensurate with degree of total fault." *Bofman*, 125 Ill. App. 3d at 1064.

In sum, IPI Civil 3d No. 600.16 called for the inclusion of the nonparty joint tortfeasor, Lester. The court was required to use that instruction unless it determined IPI Civil 3d No. 600.16 did not accurately state the law. Without expounding its rationale, the court

deviated from IPI Civil 3d No. 600.16. For this reason and those enounced previously, the trial court erred when it rejected the verdict form tendered by Mutual and utilized the one submitted by Outboard. Because that error tainted the fairness of this trial, a new one should be allowed.

Reversed and remanded.

COUSINS, P.J., and GORDON, J., concur.