# Illinois Official Reports

## Appellate Court

> ### *Barnai v. Wal-Mart Stores, Inc.*, 2017 IL App (1st) 171940

| | |
|---|---|
| Appellate Court Caption | FRANK BARNAI, Plaintiff, v. WAL-MART STORES, INC., INTERNATIONAL CONTRACTORS, INC., and NULINE TECHNOLOGIES, INC., Defendants (Frank Barnai, as Assignee of the Contribution Claims of Wal-Mart Stores, Inc., International Contractors, Inc., and Nuline Technologies, Inc., Third-Party Plaintiff-Appellee; Summit Fire Protection Company, Third-Party Defendant-Appellant). |
| District & No. | First District, Sixth Division<br>Docket No. 1-17-1940 |
| Filed | December 8, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 17-L-7543; the Hon. James N. O'Hara and the Hon. Jeffrey Lawrence, Judges, presiding. |
| Judgment | Reversed in part, vacated in part, and remanded with instructions. |
| Counsel on Appeal | Sanchez, Daniels & Hoffman, LLP, of Chicago (John J. Piegore, Brian H. Sanchez, and John S. Huntley, of counsel), for appellant.<br><br>Healy Scanlon, of Chicago (Martin Healy, Jr., Kevin T. Veugeler, and Patrick C. Anderson, of counsel), for appellee. |

Greenberg Trauig, LLP, of Chicago (Gregory E. Ostfeld, Abigail A. Clapp, and Michael R. Cedillos, of counsel), for appellee Wal-Mart Stores, Inc.

Belgrade and O'Donnell, P.C., of Chicago ( Steven B. Belgrade, John A. O'Donnell, and George M. Velcich, of counsel), for other appellee.

Panel      JUSTICE DELORT delivered the judgment of the court, with opinion. Justice Cunningham concurred in the judgment and opinion. Presiding Justice Hoffman specially concurred, with opinion.

**OPINION**

¶ 1      Plaintiff Frank Barnai sued Wal-Mart Stores, Inc. (Wal-Mart), International Contractors, Inc. (ICI), and Nuline Technologies, Inc. (Nuline), after he was injured while working at a Wal-Mart store construction site. Wal-Mart, ICI, and Nuline, in turn, filed contribution claims against Barnai's employer, Summit Fire Protection Company (Summit), which they then assigned to Barnai as part of a global settlement agreement. Barnai then dismissed Nuline's contribution claim, and the case proceeded to trial on Wal-Mart's and ICI's contribution claims against Summit. The jury was given a verdict form that asked it to apportion fault only to Summit, Wal-Mart, and ICI. The jury returned a verdict, finding Summit 52% liable for Barnai's injuries, and the circuit court entered judgment on that verdict. Summit appealed. We reverse in part, vacate in part, and remand with instructions.

¶ 2      BACKGROUND

¶ 3      On October 16, 2007, plaintiff Frank Barnai was injured while working for Summit at a Wal-Mart store construction site. Barnai then sued Wal-Mart, the property owner; ICI, the general contractor; and Nuline, the electrical subcontractor. Those defendants answered Barnai's complaint and filed contribution claims against Summit.

¶ 4      During the course of the litigation, the court struck Wal-Mart's and Nuline's answers to Barnai's complaint and deemed as admitted Barnai's allegations against those defendants. Barnai eventually settled with Wal-Mart, ICI, and Nuline for $5,073,463.71. Summit did not contribute to the settlement.

¶ 5      Barnai then filed a motion for good faith finding. The motion recited that Barnai had agreed to settle his claims against Wal-Mart, ICI, and Nuline in exchange for $5,073,463.71 and an assignment of those defendants' contribution claims against Summit. The motion did not contain a copy of the settlement agreement nor indicate how the settlement proceeds were to be allocated among the settling defendants. Despite those omissions, and over Summit's objection, the court entered a good faith finding.

¶ 6      The case later proceeded to trial. During the jury instruction conference, Barnai submitted a proposed verdict form labeled "IPI 600.16." The verdict form stated:

"We, the jury, apportion responsibility as follows:

| | |
|---|---|
| Wal-Mart | ____% |
| International Contractors | ____% |
| Summit Fire Protection Company | ____% |
| TOTAL: | 100%" |

Summit submitted its own proposed verdict form, which was identical to Barnai's proposed verdict form, except it also contained the following sentence: "*(Instruction to the Jury: If you find that any person was not legally responsible in a way that proximately caused the injured person's injury, then you should enter a zero (0)% as to that person or entity.)*." The court rejected Summit's verdict form and tendered Barnai's proposed verdict form to the jury.

¶ 7 After trial, the jury returned a verdict apportioning fault for Barnai's injuries as follows: Summit 52%, ICI 38%, and Wal-Mart 10%. The same day, the court entered judgment on the jury's verdict. Barnai then moved to convert the contribution verdict to a money judgment. Summit objected, arguing that (1) Wal-Mart and ICI did not pay more than their *pro rata* shares of the common liability and (2) any judgment against it should be reduced by $773,463.71, the amount its commercial general liability insurer, Interstate Insurance Company, contributed to the settlement fund.

¶ 8 Summit also filed a posttrial motion in which it argued that it was entitled to judgment notwithstanding the verdict because, among other things, the settlement agreement was not in good faith and Wal-Mart and ICI did not pay more than their *pro rata* shares of the common liability. The court ultimately granted Barnai's motion to convert the verdict to a money judgment, denied Summit's posttrial motion, and entered judgment in favor of Barnai and against Summit for $2,144,201.43, which represented 52% of the $5,073,463.71 settlement less $950,000—the amount Nuline contributed to the settlement.

¶ 9 On April 27, 2017, this court heard oral argument on Summit's appeal. This court ordered the parties to file supplemental briefs "addressing whether it was necessary for the jury to assess the responsibility of Nuline in order to calculate Wal-Mart's, ICI's, and Summit's *pro rata* shares of the common liability for purposes of resolving the third party claims for contribution pending against Summit." The parties filed supplemental briefs as requested, but on further consideration, this court determined that it lacked jurisdiction and entered an order dismissing Summit's appeal. See *Barnai v. Wal-Mart Stores, Inc.*, No. 1-15-2773 (June 23, 2017) (summary order under Supreme Court Rule 23(c)). This court suggested to the circuit court that it could cure the jurisdictional defect by entering an order pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016) finding that no just reason existed to delay appeal of the August 31, 2015, order denying Summit's posttrial motion.

¶ 10 Summit returned to the circuit court and filed a "Motion for Rule 304(a) Finding as to the August 31, 2015 Order." On July 26, 2017, the circuit court entered an order finding, pursuant to Rule 304(a), that there existed "no just reason to delay enforcement or appeal of the August 31, 2015 order." This appeal followed.[1]

---

[1]This court entered an order allowing the parties to stand on the briefs they filed in appeal No. 1-15-2773. This court also has the benefit of the oral arguments presented on April 27, 2017, in appeal No. 1-15-2773. Due to periodic panel rotation and randomization, Justice Cunningham has replaced

¶ 11                                                    ANALYSIS

¶ 12        We begin by considering whether the circuit court erred by finding that the settlement was in good faith. Summit first argues that the court erred by finding the settlement in good faith because the settlement did not allocate any amount for Wal-Mart's and Nuline's sanctions liability. We disagree. The record on appeal shows that Barnai's lawsuit against Wal-Mart, ICI, and Nuline sounded in negligence. Moreover, although the court did impose sanctions on Wal-Mart and Nuline, those sanctions were procedural rather than monetary.

¶ 13        Next, Summit argues that the court erred because the settlement did not contain an allocation for Barnai's comparative fault. Summit fails to cite any authority that the court must consider the plaintiff's comparative fault in determining whether a settlement was made in good faith. Accordingly, this argument is waived. Ill. S. Ct. R. 341(h)(7) (eff. Jan. 1, 2016).[2]

¶ 14        Waiver aside, the record shows that ICI raised comparative fault as an affirmative defense, and that defense was never stricken. Barnai's comparative fault was still at issue when the parties engaged in settlement negotiations, and it was therefore subsumed into the settlement agreement.

¶ 15        Last, Summit argues that the court erred by finding the settlement in good faith despite the absence of an allocation of fault among the settling defendants. We find this argument persuasive. In determining whether a settlement was in good faith, the circuit court must consider, among other things, " 'whether the amount paid by the settling tortfeasor was "within a reasonable range of the settlor's fair share [citations]." ' " *Wreglesworth v. Arctco, Inc.*, 317 Ill. App. 3d 628, 634 (2000) (quoting *In re Guardianship of Babb*, 162 Ill. 2d 153, 161 (1994)). In the present case, the court was not presented with any information about how the settling defendants had allocated fault amongst themselves at the time it entered a good faith finding. As a result, the court could not possibly have assessed whether the settlement amounts were within a reasonable range of each settling defendant's fair share of the liability. Accordingly, we must vacate the circuit court's order entering a good faith finding and remand for a new good faith hearing based upon the sums paid by each of the defendants as set forth in the April 8, 2015, release and assignment executed by Barnai and the settling defendants.

¶ 16        We next consider the question which formed for the basis for this court's request for supplemental briefing: under the Joint Tortfeasor Contribution Act (Contribution Act) (740 ILCS 100/0.01 *et seq.* (West 2010)), was the jury required to apportion fault to Nuline to correctly determine the relative fault of Wal-Mart, ICI, and Summit. We find that it was.

¶ 17        Section 2(b) of the Contribution Act provides:

---

Justice Rochford from the original panel. However, Justice Cunningham has listened to the recording of the oral arguments.

[2]Summit cited *Ewanic v. Pepper Construction Co.*, 305 Ill. App. 3d 564 (1999), but only to acknowledge the general rule that evidence of a plaintiff's comparative fault is impermissible in a contribution trial. In an effort to argue around this rule, Summit's appellate brief contains the following quote from *Ewanic*: "the settlement already include[s] a reduction from the [plaintiff's] total damages based on [settling defendant's] affirmative defense of contributory negligence." *Id.* at 565. Summit contends that the legal reasoning contained in that language is the reason that comparative fault evidence is generally disallowed in contribution trials. Summit's brief fails to acknowledge that the language it quoted from *Ewanic* was not the court's holding but rather its summary of the *circuit* court's holding contained in the opinion's opening passage.

"The right of contribution exists only in favor of a tortfeasor who has paid more than his pro rata share of the common liability, and his total recovery is limited to the amount paid by him in excess of his pro rata share. No tortfeasor is liable to make contribution beyond his own pro rata share of the common liability." 740 ILCS 100/2(b) (West 2010).

This court has explained that "[t]he 'common liability' is 'that amount actually paid by *the parties defendant* to the injured party pursuant to a good-faith settlement in a reasonable amount in exchange for a full release.' " (Emphasis added.) *Zellers v. Hernandez*, 406 Ill. App. 3d 124, 127 (2010) (quoting *Mallaney v. Dunaway*, 178 Ill. App. 3d 827, 832 (1988)); see *Ziarko v. Soo Line R.R. Co.*, 161 Ill. 2d 267, 286 (1994) (" '[C]ommon liability' in the case at bar means the good-faith amount stated in the settlement agreement."). As such, it necessarily follows that, to determine each contribution defendant's *pro rata* share of the common liability, the jury must be allowed to apportion fault to each party that contributed to the settlement fund, including settling defendants who are not parties to the contribution case. See *Truszewski v. Outboard Motor Marine Corp.*, 292 Ill. App. 3d 558, 565 (1997).

¶ 18    Based on the foregoing, it is clear that the verdict form that was tendered in this case, by precluding the jury from assigning fault to Nuline, failed to accurately state the law. If the court gives an instruction that inaccurately states the law, reversal is warranted "if the error resulted in 'serious prejudice' to the [appellant]." *Studt v. Sherman Health Systems*, 2011 IL 108182, ¶ 28 (quoting *Heastie v. Roberts*, 226 Ill. 2d 515, 543 (2007)).

¶ 19    We find that Summit was prejudiced by the erroneous verdict form. Summit was entitled to have the jury determine its degree of fault in accordance with the strictures of the Contribution Act. The verdict form that was tendered precluded that from happening. Because the verdict form that *was* tendered required that the sum of each defendant's fault add up to 100 and the jury was precluded from assigning fault to Nuline, it is possible that the jury attributed a greater degree of fault to Summit than it would have if it had been able to assign fault to Nuline.

¶ 20    In summary, Summit was prejudiced by Nuline's absence from the verdict form. The jury's verdict therefore cannot stand. We reverse the circuit court's order denying Summit's posttrial motion for new trial, vacate the circuit court's orders entering judgment on the jury's verdict and converting the judgment to a monetary amount, and remand for a new trial.

¶ 21    In his supplemental brief, Barnai argues strenuously that Summit had waived the verdict form issue several times over by (1) failing to object to Nuline's absence during the instructions conference, (2) itself tendering a verdict form that excluded Nuline, (3) failing to include the issue in its posttrial motion, and (4) failing to include the issue in its appellate brief. It has long been understood, however, that the waiver rule is an admonishment to the parties and not a restriction on this court's jurisdiction. *Jackson v. Board of Election Commissioners*, 2012 IL 111928, ¶ 33. "[C]ourts of review may sometimes override considerations of waiver or forfeiture in the interests of achieving a just result and maintaining a sound and uniform body of precedent." *Id.*

¶ 22    Those interests are manifest in this case. Although Summit *could* have argued in the court below that Nuline should have been included on the verdict form, it can hardly be faulted for failing to do so given that Illinois Pattern Jury Instructions, Civil, No. 600.16 (2011), explicitly forbade including Nuline. Moreover, by honoring Summit's waiver, this court would work a

manifest injustice since Summit indisputably did not have its rights and liabilities fairly determined by the jury in accordance with the requirements of the Contribution Act.

¶ 23 We note two final issues in closing. First, in its appellate brief, Summit contended that it was entitled to judgment *n.o.v.* because Wal-Mart's, ICI's, and Nuline's assignments were nullities. This argument was predicated on Summit's theory that the value of the assignment was exactly to the value of the contribution verdict. Thus, in Summit's view, rather than pay *more* than their *pro rata* shares, Wal-Mart, ICI, and Nuline paid *exactly* their *pro rata* shares and thus never possessed contribution claims to assign in the first instance. Regardless of whether this argument has merit, it would be premature to resolve it now, in light of our disposition remanding this case for retrial.

¶ 24 Second, in its brief, Summit also argued that it was entitled to a $773,463.71 setoff against the common liability as the result of sums paid toward the global settlement with Barnai by its insurance carrier, Interstate Fire and Casualty Company. As Barnai correctly points out, Summit did not include this issue in its posttrial motion. Accordingly, this issue is forfeited. Ill. S. Ct. R. 366(b)(2)(iii) (eff. Feb. 1, 1994); *Metropolitan Life Insurance Co. v. Nauss*, 226 Ill. App. 3d 1014, 1019 (1992).

¶ 25 CONCLUSION

¶ 26 We vacate the circuit court's order entering a good faith finding and remand the case for a new good faith hearing. In addition, we vacate the circuit court's orders entering judgment on the jury's verdict and converting the judgment to a monetary amount. We reverse the circuit court's order denying Summit's motion for a new trial and remand the case to the circuit court for a new trial.

¶ 27 Reversed in part, vacated in part, and remanded with instructions.

¶ 28 PRESIDING JUSTICE HOFFMAN, specially concurring:

¶ 29 I concur in the result reached by the majority. I write separately to state what I believe is the most compelling reason to reverse the judgment entered against Summit and remand the matter back to the circuit court for a new trial.

¶ 30 The Contribution Act provides, in pertinent part:

> "§ 2. Right of Contribution. (a) Except as otherwise provided in this Act, where 2 or more persons are subject to liability in tort arising out of the same injury to person or property, or the same wrongful death, there is a right of contribution among them, even though judgment has not been entered against any or all of them.
>
> (b) The right of contribution exists *only in favor of a tortfeasor who has paid more than his pro rata share of the common liability*, and his total recovery is limited to the amount paid by him in excess of his pro rata share. No tortfeasor is liable to make contribution beyond his pro rata share of the common liability." (Emphasis added.) 740 ILCS 100/2(a), (b) (West 2014).

Under section 2(b) of the Contribution Act, "common liability" is defined as " 'the total sum of the liability of all persons who contributed *** to the plaintiff's injury.' " *Truszewski v. Outboard Motor Marine Corp.*, 292 Ill. App. 3d 558, 561 (1997) (quoting Illinois Pattern Jury Instructions, Civil, No. 600.00 (3d ed. Supp. 1994)). In this case, the " 'common liability' " is

the gross amount paid by the settling defendants to Barnai, which extinguished not only their liability but also Summit's liability for Barnai's damages. See *Ziarko v. Soo Line R.R. Co.*, 161 Ill. 2d 267, 286-87 (1994).

¶ 31 A party against whom contribution is sought cannot be forced to pay more than its *pro rata* share of common liability, and the recovery of the party seeking contribution is limited to the amount paid by it in excess of its *pro rata* share of common liability. 740 ILCS 100/2(b) (West 2014). Consequently, neither the amount that Summit can be forced to pay as contribution nor the maximum amounts that Barnai, as assignee of either Wal-Mart's or ICI's contribution claims, is entitled to recover can be determined unless their respective *pro rata* shares of common liability is first determined. Since common liability is the sum of Wal-Mart's, ICI's, Nuline's, and Summit's fault, which must equal 100%, the *pro rata* share of common liability of the individual parties cannot be assessed without reference to Nuline's *pro rata* share. See *Truszewski*, 292 Ill. App. 3d at 565. I believe, therefore, that the verdict form tendered to the jury in this case, which failed to include an assessment of Nuline's responsibility, failed to accurately state the law and should never have been given. Consequently, I too conclude that the judgment entered on the jury's verdict against Summit must be reversed and the matter remanded for a new trial on Barnai's claims, as assignee of Wal-Mart and ICI, for contribution against Summit.